# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA

**BUTTE DIVISION**

| | |
|---|---|
| DONNA R. KIKKERT,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES ATTORNEY, BILLINGS OFFICE, and ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Defendants. | **No. CV-26-91-BU-JTJ**<br><br>**ORDER** |

Plaintiff Donna R. Kikkert (Kikkert), appearing pro se, has filed a complaint against Defendants Secretary of Health and Human Services, Department of Health and Human Services, United States Attorney, Billings Office, and Attorney General of The United States (Defendants) (Doc. 2). Kikkert is appealing Medicare's denial of an oral surgery dental procedure in the amount of $3,201. (Id., p. 5). Kikkert seeks leave of the Court to proceed in forma pauperis. (Doc. 1).

**I. Motion to Proceed in Forma Pauperis**

Kikkert has submitted a financial affidavit in support of her motion to proceed in

forma pauperis. (Doc. 1-1). Good cause exists to grant the motion. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

**II. Screening Analysis**

When a litigant proceeds in forma pauperis, the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

In substance, Kikkert appears to allege that she has exhausted her administrative remedies, allowing her appeal to proceed in federal court. (Doc. 2, pp. 7-8). Kikkert contends she submitted her claim to Humana Insurance, which denied full coverage for the cost of the procedure. (Doc. 2, pp. 7-8). Next, Kikkert submitted a request for reconsideration, which was denied. (Id., p. 8). Kikkert then appealed to Maximus, who also denied her appeal. (Id.). A hearing was then held before an administrative law judge, who also denied Kikkert's request for full coverage. (Id.). Kikkert appealed such denial to the Department of Health and Human Services, who also denied payment. (Id.). This final denial occurred on August 14, 2026. Liberally construing Kikkert's Complaint, it appears she has complied with 42 U.S.C. § 139ff and 42 C.F.R. Part 405, Subpart I to allow her appeal of the denial of her oral surgery dental procedure to proceed in federal court. The Court cannot say at this state in the proceedings that it is frivolous or

malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

**III. Service of Complaint**

Because Kikkert is proceeding in forma pauperis, she is entitled to have her complaint and summonses served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Plaintiff is obligated to provide the Court with appropriate addresses for service on Defendants. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). When a plaintiff proceeding in forma pauperis fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may sua sponte dismiss the unserved defendant. *Id.*

Plaintiff must provide the Court with accurate and sufficient information to effect service of the summons and complaint. For a corporation, partnership or association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(D)(1)(A)(ii) and 4(h)(1)(B).

**IV. Conclusion**

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Kikkert's motion to proceed in forma pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall edit the text of the docket entry for Plaintiff's Complaint (Doc. 2) to remove the word "LODGED."

3. On or before **October 2, 2026**, Kikkert shall file a notice which provides the Court with appropriate addresses for service on Defendants. A failure to provide this information will result in a recommendation that this matter be dismissed without prejudice for failure to serve.

4. At all times during the pendency of this action, Kikkert must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 17th day of September 2026.

John Johnston
United States Magistrate Judge